THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DÁMASO MARCANO, Defendant and Appellant.

No. 9596. Argued November 6, 1942.—Decided December 14, 1942.

140

*Francisco González, Jr.,* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

A complaint was filed in the Municipal Court of Fajardo by Aida Alberty against Dámaso Marcano for a violation of §138 of the Penal Code which provides that "Every public officer who, under color of authority, without lawful necessity, assaults, wrongs, oppresses or beats any person, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in the jail not exceeding five years." The complaint, in its pertinent part, reads thus:

. . . That on August 4, 1941, at 8:35 p.m., in Goyco S'reet, Naguabo, of the Municipal Judicial District of Fajardo, Puerto Rico, which forms part of the Judicial District of Humacao, Puerto Rico, the said defendant, Dámaso Marcano, an Insular Policeman, then and there, illegally, wilfully, and maliciously, and while being a public officer and under color of authority, and without lawful cause, assaulted the complainant, holding her forcibly by the arms and striking her a blow in the face."

On appeal the District Court of Humacao found the defendant guilty of the offense of aggravated assault and battery and sentenced him to pay a fine of $10 and to be confined in jail 30 days. Feeling aggrieved, the defendant took the present appeal and before discussing the assignment of errors, he set up, as special defense, a demurrer to the complaint on the ground that the facts alleged therein did not constitute the offense charged because it was not specified that the defendant was at the time of the offense *in the exercise of his office.* In our opinion he is wrong, because although in *People* v. *Girón,* 25 P.R.R. 34, cited by the appellant, it was held that the complaint was sufficient because it contained that phrase, this did not mean that the complaint in the case at bar was not sufficient because it did not contain said phrase. On the contrary, in the complaint it was

stated that the defendant, a policeman, and while being a public officer and under color of authority, and without lawful cause, assaulted the complainant. This language followed that of the statute and was sufficient. Even more, in *People v. Suárez*, 25 P.R.R. 198, it was held that although a detective is on leave of absence he might commit this offense since "he does not cease to be a detective by reason of the leave of absence and retains the authorities inherent in his position."

█ There is another question which we must decide before considering the errors assigned. In the hearing held in this Supreme Court the prosecuting attorney argued the case as one of aggravated assault and battery and, in fact, as we have said before, it was of that offense that the district court found the defendant guilty. The attorney for the appellant, who was not the same one who appeared in the lower court and prepared the brief on appeal, raised the question that the judgment was null because the lower court could not find the defendant guilty of an offense not charged in the complaint. The question may be raised for the first time on appeal, inasmuch as the lower court would have lacked jurisdiction to render the judgment appealed from if the offense had not been included in the complaint. *Ex parte Thomas*, 12 P.R.R. 350.

█ Section 286 of the Code of Criminal Procedure, in its first paragraph, provides as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

Although this section has been construed in, and applied to, various cases, in none of them were there involved facts similar to those in the present case.

The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or

the degree of violence used, is an assault and battery. Section 1, Act of May 10, 1904. And since the defendant was charged with having assaulted the complainant by holding her forcibly by the arms and striking her a blow in the face, we have no doubt that the offense of assault and battery was necessarily included in the violation of §138 of the Penal Code with which the defendant was charged. The essential elements of the offense with which the defendant was charged were (1) his acting as a public officer under color of authority and without lawful cause and (2) the assault and battery. If the court was convinced that the defendant did not act as said public officer and under color of authority, but that he did assault and beat the complainant, it was justified in finding him guilty of that offense. Assault and battery was necessarily included in the offense charged.

Since it was charged in the complaint that the defendant was an Insular Policeman and the same was signed and sworn by Aida Alberty, a female, the offense of aggravated assault and battery of which the defendant was convicted was included therein. We take judicial notice of the fact that, in order to be admitted to the Insular Police Force, a person must be from 21 to 40 years of age (Act of March 12, 1908), the defendant being, therefore, an adult male. In the trial it was shown that the defendant was an Insular Policeman and as to the fact that the complainant is a female, there has been no controversy. Cf. *People* v. *Rosalí,* 35 P.R.R. 393.

■ The appellant alleged in the errors assigned in his brief that the judgment rendered was contrary to the evidence. We have carefully read the testimony of the witnesses for both sides and we are convinced that the lower court did not err in weighing said evidence by giving credence to the evidence for the prosecution which showed that the defendant, an Insular Policeman, in the parlor of his

house held the complainant by the arms and then struck her in the face.

The judgment appealed from must be affirmed.

Mr. Justice Snyder did not participate herein.